IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KEVIN D. ASH, as MANAGER of ELLISDALE CONSTRUCTION, LLC, MANAGER of A&W COURTHOUSE COMMONS, LLC, and MANAGER of A&W LANSDOWNE, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**RICHARD E. WARD, II,**<br><br>    Defendant. | Civil Action No. 1:20-mc-0039 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff Kevin D. Ash, in his capacity as Manager of Ellisdale Construction, LLC ("Ellisdale"), Manager of A&W Courthouse Commons, LLC ("Courthouse"), and Manager of A&W Lansdowne, LLC ("Lansdowne") (collectively, the "Companies") filed an Emergency Motion, Memorandum in Support, supporting Affidavit, and supporting Declaration for an *Ex Parte* Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff's Motion is before this Court.

Upon consideration of the Motion, the supporting documents, and the arguments of counsel, the Court makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

This Court has jurisdiction over the subject matter of this case, and there is good cause shown that it will maintain personal jurisdiction over all of the parties therein.

Based upon the allegations and evidence presented in Plaintiff's Motion and supporting documents, Plaintiff has shown good cause that Defendant Richard E. Ward, II has engaged in, and is likely to continue to engage in unlawful conduct constituting material breaches of the Companies' respective operating agreements, and that Plaintiff is likely to prevail on the merits of this action.

Based upon the allegations and evidence presented in Plaintiff's Motion and supporting documents, Plaintiff has shown good cause that unless Defendant is restrained and enjoined by this Court, his conduct will cause immediate and irreparable harm to Plaintiffs, including without limitation the misappropriation of the Companies' assets relevant to this action for the Defendant's own unlawful gain, and unlawful interference with the Companies' goodwill and business relationships within and beyond this District.

Based upon the allegations and evidence presented in Plaintiff's Motion and supporting documents, Plaintiff has shown good cause that the instant Motion was properly brought before this Court pursuant to Rule 65(b) of the Federal Rule of Civil Procedure and therefore, good cause and the interests of justice require that this Order be **GRANTED** without prior notice to Defendant, and Plaintiff is relieved from any further duty to provide Defendant with prior notice of their Motion.

Based on the allegations and evidence in and accompanying Plaintiff's Motion and supporting documents, the Court finds good cause to permit notice of the instant Order, notice of the Preliminary Injunction hearing, and service of the Motion by any or all of the following means, given the exigent circumstances and the need for prompt relief.  The following means of service are authorized by law, satisfy Due Process, and satisfy Rule 4 of the Federal Rules of Civil Procedure, and are reasonably calculated to notify Defendant of the instant Order, the Preliminary

Injunction hearing, and of the pendency of this action: (1) transmission by e-mail, facsimile, mail and/or personal delivery to the contact locations for the named Defendant identified in the Motion; (2) personal delivery upon Defendant to the extent he may be found in the United States; and/or (3) personal delivery in accordance with the Hague Service Convention on Service Abroad or similar treaties upon Defendant to the extent the Defendant can be found in a foreign country that is a signatory to such treaties.

The Court, having found that all necessary requirements of the applicable rules and law have been satisfied, that the requested *ex parte* temporary restraining order is narrowly tailored to protect the Companies' interests and will protect and/or promote the public's interest,

**IT IS HEREBY ORDERED THAT:**

1. Defendant Richard E. Ward, II shall be restrained and enjoined from withdrawing any funds whatsoever related to Ellisdale, including but not limited to, those maintained at MVB Bank, Inc., such as those funds held in accounts ending in account numbers MVB 131415 and MVB 78042;

2. Defendant Richard E. Ward, II shall be restrained and enjoined from withdrawing any funds whatsoever related to Courthouse, including but not limited to, those maintained at MVB Bank, Inc., such as those funds held in accounts ending in account number MVB 78050;

3. Defendant Richard E. Ward, II shall be restrained and enjoined from withdrawing any funds whatsoever related to Lansdowne, including but not limited to, those maintained at MVB Bank, Inc., such as those funds held in accounts ending in account number MVB 75162; and

4. If, by the time of this Order, Defendant Richard E. Ward, II has received any such funds from MVB Bank, Inc., Defendant shall immediately transfer the funds back to MVB Bank, Inc. into their respective accounts of origin.

**IT IS FURTHER ORDERED**, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure 65(b), that Defendant shall appear before this Court on _____ to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending a final ruling on

the allegations and claims in Plaintiff's Motion, as filed or subsequently amended, enjoining Defendant from the conduct temporarily restrained by this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall not be required to post a bond.

**IT IS FURTHER ORDERED** that Defendant shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports, or declarations and/or legal memoranda no later than three (3) days prior to the hearing on Plaintiff's request for a preliminary injunction.

**IT IS SO ORDERED.**

DATED: _____

_____
United States District Judge