**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **KEVIN D. ASH, as MANAGER of ELLISDALE CONSTRUCTION, LLC, MANAGER of A&W COURTHOUSE COMMONS, LLC, and MANAGER of A&W LANSDOWNE, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **RICHARD E. WARD, II,** <br><br> Defendant. | Civil Action No. 1:20-mc-0039 |

**EXHIBIT 1**

**Affidavit of Kevin D. Ash**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KEVIN D. ASH, as MANAGER
of ELLISDALE CONSTRUCTION, LLC,
MANAGER of A&W COURTHOUSE
COMMONS, LLC, and MANAGER of
A&W LANSDOWNE, LLC,

    Plaintiff,

v.

RICHARD E. WARD, II,

    Defendant.

Civil Action No. 1:20-mc-0039

## AFFIDAVIT OF KEVIN D. ASH

I, Kevin D. Ash, hereby state the following under the penalty of perjury under the laws of the United States, and laws of the Commonwealth of Virginia in support of Plaintiff's Emergency Motion for an *Ex Parte* Temporary Restraining Order and An Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Federal Rule of Civil Procedure 45. If called to give testimony in the above-captioned matter, I could and would testify as follows:

1. My name is Kevin D. Ash.

2. I am over 18 years of age, and I am not under any mental or physical disability which could impair my ability to truthfully attest to the matters stated herein.

3. I am a Member and Manager of Ellisdale Construction, LLC ("Ellisdale").

4. I am a Member and Manager of A&W Lansdowne, LLC ("Lansdowne").

5. I am a Member and Manager of A&W Courthouse Commons ("Courthouse").

6. In my position as a Managing Member of Ellisdale, I am highly familiar with Ellisdale's day-to-day business operations, including without limitation, its current and future

construction projects, its current payroll needs, its respective employees, agents, and subcontractors, its outstanding checks and present expenses, and its bonding requirements.

7. Ellisdale is a Maryland limited liability company organized and operating under the laws of the state of Maryland, which provides numerous construction services, including without limitation, pre-construction consulting, design, and general contracting. Ellisdale's principal offices are located at 106 Harrison Street SE, Suite 100, Leesburg, VA, 20175.

8. Ellisdale purposefully integrated a team of architects, designers, and experienced general and sub-contractors to deliver high-quality and cost-effective projects.

9. I helped found Ellisdale in 2004 with Richard Ward, II ("Ward"), where I brought over a decade of high-level construction experience managing tens of millions of dollars of construction projects in the industry's leading companies.

10. In contrast, since its inception, Ward largely operated as a silent partner, providing capital and consulting regarding Ellisdale's funding, as necessary, but largely taking a back seat to the day-to-day operations.

11. Since I began running the day-to-day operations of Ellisdale over the past sixteen (16) years, Ellisdale has grown and now amassed a portfolio with multiple multi-million dollar construction projects.

12. Ellisdale is governed by The Amended and Restated Operating Agreement of Ellisdale Construction, LLC ("Ellisdale OA"), effective January 1, 2010.

13. Pursuant to the Ellisdale OA, Ward and I are Ellisdale's only two Members, each holding a 50% ownership interest in the company.

14.     Moreover, Ward and I are Ellisdale's only two Managers, and pursuant to the Ellisdale OA, shall continue to perform in our respective roles until removed as described in the Ellisdale OA.

15.     Ward and I are each fiduciaries with respect to Ellisdale and are limited, in multiple respects, to our authority to act on behalf of the company.  For example, The Ellisdale OA provides that neither I, nor Ward, can individually sell or transfer all or substantially all of the Company's assets.

16.     I was alerted by members of MVB Bank, Inc.'s ("MVB") management that Ward, as signatory on multiple Ellisdale accounts, attempted to transfer $2,200,000 from Ellisdale accounts to his own personal account at MVB.  Specifically, Ward is attempting to transfer $800,000 from Ellisdale's operating account (MVB 131415) and $1,400,000 from Ellisdale's bond collateral account (MVB 78042) to his own personal account.

17.     If Ward successfully misappropriates Ellisdale's operating and collateral funds, Ellisdale will immediately be unable to do the following:  (1) continue performance on multiple current projects, and begin work on future large-scale construction projects, (2) meet its current payroll obligations, (3) pay its numerous sub-contractors, (4) cover several hundred thousand dollars in outstanding checks, and (5) maintain sufficient liquidity through the end of the year to meet its current bonding requirements.

18.     The inability to perform under its current construction contracts will irreparably damage Ellisdale's business, reputation, and goodwill.  By contrast, restraining Ward from misappropriating Ellisdale's operating and collateral funds will neither harm nor prejudice Ward in any manner, as he is not entitled to these funds.

19. In my position as a Managing Member of Lansdowne, I am highly familiar with Lansdowne's day-to-day business operations, including without limitation, its current bills, mortgage, and payroll needs.

20. Lansdowne is a Virginia limited liability company organized and operating under the laws of the state of Commonwealth of Virginia, which holds and rents out office space that it owns at 109-111 East Market Street, Leesburg, Virginia, 20176. Lansdowne's current principal offices are located at 106 Harrison Street SE, Suite 100, Leesburg, VA, 20175.

21. The Amended and Restated Operating Agreement of A&W Lansdowne, LLC ("Lansdowne OA"), effective August 27, 2015, currently governs Lansdowne's operations.

22. Ward and I are each Members of Lansdowne and each hold a 37.5% Class A Membership Interest in the company, as reflected by the Lansdowne OA.

23. Moreover, Ward and I make up two (2) of the three (3) Managers of Lansdowne, which is likewise reflected in the Lansdowne OA.

24. Pursuant to the Lansdowne OA, all decisions of the company require the unanimous consent of the Managers.

25. On the same date as Ward's attempted transfers of funds from the Ellisdale accounts, Ward initiated a transfer of $50,000 from the Lansdowne account to his own personal MVB account. I have not previously, nor do I currently endorse or consent to this attempted transfer of $50,000 from the Lansdowne account to Ward's personal account.

26. If Ward successfully misappropriates Lansdowne's funds, Lansdowne will immediately be unable to continue paying its current and future bills.

27. The inability pay its bills will irreparably damage Lansdowne's business, reputation, and goodwill. By contrast, restraining Ward from misappropriating Lansdowne's funds will neither harm nor prejudice Ward in any manner, as he is not entitled to these funds.

28. In my position as a Managing Member of Courthouse, I am highly familiar with Courthouse's day-to-day business operations, including without limitation, its current bills and payroll needs.

29. Courthouse is a Virginia limited liability company organized and operating under the laws of the state of Commonwealth of Virginia, which holds and rents out office space that it owns, with a mortgage, at 113 East Market Street, Leesburg, Virginia, 20176. Courthouse's current principal offices are located at 106 Harrison Street SE, Suite 100, Leesburg, VA, 20175.

30. The Operating Agreement of A&W Courthouse, LLC ("Courthouse OA"), effective on or about August 13, 2014, currently governs Courthouse's operations.

31. Ward and I are the only two (2) Members of Courthouse and each hold 50% of the Membership Interest in the company, as reflected by the Courthouse OA.

32. Moreover, Ward and I are the only two (2) Managers of Courthouse, which is likewise reflected in the Courthouse OA.

33. Pursuant to the Courthouse OA, all decisions of the company require the unanimous consent of both of the Managers.

34. On the same date as Ward's attempted transfers of funds from the Ellisdale and Lansdowne accounts, Ward initiated a transfer of $250,000 from the Courthouse account to his personal MVB account. I have not previously, nor do I currently endorse or consent to this attempted transfer of $250,000 from the Courthouse account to Ward's personal account, and as such, Ward lacks the unanimous consent to complete the transfer.

35. If Ward successfully misappropriates Courthouse's funds, Courthouse will immediately be unable to continue paying its current and future bills and pay its large mortgage.

36. The inability pay its bills and mortgage will irreparably damage Courthouse's business, reputation, and goodwill. In contrast, restraining Ward from misappropriating Courthouse's funds will neither harm nor prejudice Ward in any manner, as he is not entitled to these funds.

37. I have made several attempts to work with Ward to resolve this matter without asking the Court to intervene. For example, I have emailed and called Ward multiple times over the last several days to have him stop the transfers, but he has thus far been unwilling to instruct MVB to return the funds to their respective accounts. Moreover, I have spoken to the appropriate Management at MVB but have been unable to secure the assurance that MVB will permanently freeze the funds at issue or reverse Ward's attempted transfers.

FURTHER THE AFFIANT SAYETH NOT.

_____
Kevin D. Ash

COMMONWEALTH OF VIRGINIA,
COUNTY OF LOUDOUN, to wit.

Subscribed and sworn to before me the undersigned authority in the aforesaid jurisdiction, this 23rd day of December, 2020.

_____
Notary Public
Name: Shawnda Gorosteta
ID: 7702929
My Commission Expires: 8-31-2024



6